PAULETTE FIELDS, BY HER NEXT FRIEND, ODELL FIELDS v.
THE DURHAM CITY BOARD OF EDUCATION.

(Filed 14 January, 1960.)

**1. Schools § 7½—**

Demurrer is properly sustained in an action by a pupil against a city board of education to recover for an injury resulting from alleged negligence when the complaint contains no allegations to the effect that the defendant had procured liability insurance or had waived its immunity as authorized by G.S. 115-53, since, except for such liability as may be established under the State Tort Claims Act a county or city board of education is immune from tort liability unless its immunity is waived by statute.

**2. Same—**

G.S. 115-27 merely authorizes a county and city board of education to prosecute and defend suits in its corporate name, and the statute does not purport to waive a board's immunity to liability for tort.

APPEAL by plaintiff from *Hall, J.*, October Term, 1959, of DURHAM.

The plaintiff, an eleven year-old child, was duly enrolled in Burton School, which is included in and constitutes a part of the Durham City School System. According to the allegations of the complaint, the plaintiff was injured during school hours, on or about 29 May 1958, by stepping through a break in an iron grate, a part of the drainage system which had been constructed by the defendant through the school grounds. Defendant is a body corporate and was engaged in the administration of the public schools of the City of Durham and exercised a necessary governmental function by virtue of Chapter 115 of the North Carolina General Statutes.

The plaintiff alleges that she was injured by reason of the negligence of the defendant. The defendant demurred to the complaint upon the ground that it does not contain facts sufficient to constitute a cause of action, in that it does not appear from the facts alleged that the defendant has waived its governmental immunity. The demurrer was sustained and the plaintiff appeals, assigning error.

*Daniel K. Edwards for plaintiff.*
*Spears, Spears & Powe and Alexander H. Barnes for defendant.*

DENNY, J. Under the provisions of G.S. 115-27, county and city boards of education are respectively created "a body corporate," capable of "* * * prosecuting and defending suits for or against the corporation." This, however, does not mean that the Legislature has waived immunity from liability for torts for such boards.

Generally speaking, such an agency may sue or be sued on contracts entered into and duly executed by it. Likewise, a county or city board of education may not take private property for public use without paying just compensation therefor. *Eller v. Bd. of Education,* 242 N.C. 584, 89 S.E. 2d 144.

On the other hand, such board, unless it has duly waived immunity from tort liability, as authorized in G.S. 115-53, is not liable in a tort action or proceeding involving a tort except such liability as may be established under our Tort Claims Act. G.S. 143-291 through 143-300.1; *Turner v. Bd. of Education,* 250 N.C. 456, 109 S.E. 2d 211; *Eller v. Bd. of Education, supra; Smith v. Hefner,* 235 N.C. 1, 68

S.E. 2d 783; *Hansley v. Tilton,* 234 N.C. 3, 65 S.E. 2d 300; *Benton v. Bd. of Education,* 201 N.C. 653, 161 S.E. 96.

G.S. 115-53 provides in part, "Any county or city board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort * * *.

"Except as hereinbefore expressly provided, nothing in this section shall be construed to deprive any county or city board of education of any defense whatsoever to any such action for damages, or to restrict, limit, or otherwise affect any such defense which said board of education may have at common law or by virtue of any statute * * *."

It is clear that the Legislature has not waived immunity from tort liability as to county and city boards of education, except as to such liability as may be established under our Tort Claims Act, but has left the waiver of immunity from liability for torts to the respective boards and then only to the extent such board has obtained liability insurance to cover negligence or torts.

Therefore, in the absence of an allegation in the complaint in a tort action against a city board of education, to the effect that such board has waived its immunity by the procurement of liability insurance to cover such alleged negligence or tort, or that such board has waived its immunity as authorized in G.S. 115-53, such complaint does not state a cause of action. There being no such allegation in the plaintiff's complaint herein, the ruling of the court below in sustaining the defendant's demurrer will be upheld.

Affirmed.