ROGER DALE CLARY v. ALEXANDER COUNTY BOARD OF EDUCATION

— AND —

PHYLLIS CLARY, Administratrix of the Estate of FRED H. CLARY v. ALEXANDER COUNTY BOARD OF EDUCATION

No. 86

(Filed 12 March 1975)

1. Rules of Civil Procedure § 50— motion for directed verdict — specific grounds

The requirement of G.S. 1A-1, Rule 50(a), that a motion for directed verdict state the specific grounds therefor is mandatory.

2. Rules of Civil Procedure § 8; Schools § 11— action against school board — allegation of waiver of immunity — insufficiency of responsive pleading

In an action by a father and son against a county board of education to recover medical expenses and damages on account of personal injuries sustained by the son in the school gymnasium, plaintiffs' allegations that defendant had waived its immunity from tort liability by the purchase of liability insurance were prerequisite to recovery by plaintiffs and required a responsive pleading by defendant, and defendant's answer that such allegations "are not admitted, to the extent that they apply to the accident in question" was not sufficient to raise an issue of fact as to waiver of governmental immunity. G.S. 1A-1, Rules 8(b), 8(d) and 9(c).

3. Schools § 11; State § 6— waiver of governmental immunity to any extent — motions for directed verdict

In a tort action against a county board of education, waiver of governmental immunity to any extent by the purchase of liability insurance was sufficient to preclude the granting of motions for directed verdict on the ground of governmental immunity.

4. Appeal and Error § 6; Rules of Civil Procedure § 50— motion for directed verdict — consideration of specific grounds — withdrawal of prior opinion

In a tort action by a father and son against a county board of education, the Supreme Court should consider whether defendant's motions for directed verdicts should have been granted only on either of the two specified grounds asserted therein—that the evidence failed to show actionable negligence on the part of defendant and established contributory negligence as a matter of law on the part of plaintiff son. The decision in Clary v. Board of Education, 285 N.C. 188, which granted defendant's motion for directed verdict on the grounds there was no evidence of the father's medical expenses and no evidence of waiver of governmental immunity, is withdrawn.

Clary v. Board of Education

5. **Schools § 11— high school basketball player — collision with wire-glass window — negligence by school board**

In an action against a county board of education to recover medical expenses and damages on account of personal injuries received by a high school basketball player when he collided with a wire-glass window near the end of the basketball court while running windsprints, plaintiffs' evidence was sufficient to permit a jury finding that actionable negligence by defendant was a proximate cause of the injuries where it tended to show that candidates for the school team practiced under the supervision of coaches provided by defendant; that in practicing windsprints, a candidate's momentum often would carry him beyond the end line of the court and into one of the large glass windows; that these windows consisted of wire glass which breaks into jagged sections with sharp edges; that tempered glass is stronger and shatters into small particles when it breaks; that defendant continued to use wire glass although tempered glass was available; and that the player's injuries consisted of lacerations from sharp edges of the broken sections of wire glass.

6. **Schools § 11— high school basketball player — collision with glass window — contributory negligence**

The evidence did not disclose that a high school basketball player was contributorily negligent as a matter of law when he collided with and broke through a large wire-glass window near the end of the court while running windsprints during basketball practice where there was evidence that he and others had collided with the windows on prior occasions and that similar glass in transoms of the gym doors had cracked when struck by a basketball, but there was no evidence that the glass had broken into heavy sections with jagged edges, that the glass in the large window had broken or cracked from contact by a player doing a windsprint or from any other cause, or that the player had knowledge or notice of the composition of the wire glass, or its relative strength, or any special hazard to a person who might collide with it with sufficient force to break it.

Justice LAKE dissents.

Justices COPELAND and EXUM did not participate in the hearing or decision of this case.

ON REHEARING.

Plaintiffs' petition for a rehearing of our decision filed 10 April 1974, reported in 285 N.C. 188, 203 S.E. 2d 820, having been allowed, the case was redocketed and reargued in the Supreme Court as No. 49 at Fall Term 1974.

These two actions were filed 23 March 1971 to recover medical expenses and damages on account of personal injuries sustained by Roger Dale Clary on 8 October 1968. Roger, then seventeen, was a senior at the Stony Point High School and a member of its varsity basketball team. He was injured in the school gymnasium while practicing running sprints. Specifically,

Clary v. Board of Education

while running a "windsprint," he collided with and broke through a wire-glass window at the entrance end of the gymnasium. As a result he was cut and injured by portions of the broken glass.

Roger's action is for damages "for physical and mental pain and suffering as well as physical disfigurement." It was brought in his name by his father, Fred H. Clary, who was denominated his "Guardian ad Litem." Roger now prosecutes this action in his own name and right.

The other action was instituted by Fred H. Clary in his own name and right to recover $2,656.00 "to compensate him for that amount of expenses incurred for medical treatment, hospitalization and physical therapy for his son, Roger Dale Clary." Upon Fred's death, Phyllis Clary, Roger's mother, qualified as administratrix of Fred's estate. She now prosecutes the action as such administratrix.

The two actions were consolidated and tried at the 9 April 1973 Session of Alexander County Superior Court before Winner, S. J.

Reference is made to 285 N.C. at 189-192, 203 S.E. 2d at 822, for a summary of the allegations of each complaint and of the evidence presented by plaintiffs.

At the conclusion of plaintiffs' evidence, Judge Winner allowed defendant's motions for directed verdicts and dismissed the actions with prejudice. The Court of Appeals affirmed. 19 N. C. App. 637, 199 S.E. 2d 738 (1973). The decisions of the trial judge and of the Court of Appeals were based on the specific ground that Roger Dale Clary was contributorily negligent as a matter of law.

This Court upheld the decision of the Court of Appeals in respect of the dismissal of the actions. However, our decision was put on the ground that the record did not show facts sufficient to support plaintiffs' right to recover in that it contained no stipulations, admission or evidence (1) that defendant had waived its immunity from liability for torts by the procurement of liability insurance in accordance with G.S. 115-53, or (2) that Fred H. Clary had incurred any medical and hospital expenses on account of Roger's injuries. We made no ruling concerning the sufficiency or significance of the evidence with reference to the issues of negligence and contributory negligence.

Plaintiffs' petition to rehear was allowed 15 July 1974.

*Collier, Harris, Homesley, Jones & Gaines for plaintiff appellants.*

*Hedrick, McKnight, Parham, Helms, Warley & Kellam by Philip R. Hedrick and Edward L. Eatman, Jr., for defendant appellee.*

SHARP, Chief Justice.

Our first question is whether we should withdraw our decision — 10 April 1974 and decide whether plaintiffs' evidence would support a finding that defendant was actionably negligent and, if so, whether it establishes Roger's contributory negligence as a matter of law.

In each case, defendant moved "for a Judgment of Dismissal with Prejudice and a directed verdict in favor of the defendant on the grounds that the evidence offered by the plaintiff was insufficient upon which to submit the case to the jury and *for the reason that plaintiff had failed to offer sufficient evidence of actionable negligence on the part of the defendant* upon which to submit the case to the jury and *upon the further ground that the plaintiff was negligent as a matter of law so as to bar* any claim that he had for damages against the defendant." (Our italics.)

[1] G.S. 1A-1, Rule 50(a), requires that "[a] motion for a directed verdict *shall state the specific grounds therefor.*" (Our italics.) This requirement is mandatory. *Anderson v. Butler,* 284 N.C. 723, 728-29, 202 S.E. 2d 585, 588 (1974), and cases cited.

Defendant's motions for directed verdicts stated *two* specific grounds therefor. They were stated as the reasons or grounds underlying the conclusory allegation "that the evidence offered by the plaintiff was insufficient upon which to submit the case to the jury." Defendant stated *no specific ground* other than the two set forth in italics in the quoted portion of its motions. These were the only grounds discussed by defendant's counsel in his argument before Judge Winner in support of the motions for directed verdicts. Defendant's counsel concluded his argument as follows: "I submit to the court at this time that even if there is a scintilla of evidence on the question of negligence, which I submit there is not, that this young man was

contributorily negligent as a matter of law, and that this case should not go to the jury." These are the only grounds discussed in the briefs filed in the Court of Appeals and in those filed in this Court prior to 10 April 1974.

With reference to medical and hospital expenses, uncontroverted allegations in the petition to rehear disclose that defendant stipulated the medical and hospital bills incurred by Fred H. Clary on account of Roger's injuries in the total amount of $2,967.24 would be considered as having been introduced in evidence without the necessity of putting them in "one by one." Although the petition to rehear does not disclose a stipulation with reference to waiver of immunity, the unchallenged allegations thereof disclose that the parties, the trial judge, and the Court of Appeals, considered there had been a waiver of governmental immunity *to some extent* and therefore it was unnecessary to determine *the exact extent* of such waiver when passing upon defendant's motions for directed verdicts.

[2] By leave of court, each plaintiff amended his complaint by alleging: "That the defendant has procured liability insurance to cover negligent or other tortious conduct and that the defendant has thereby waived its immunity for tort liability; and that the defendant has otherwise waived its immunity from liability for torts as authorized in North Carolina General Statutes 115-53."

This allegation alleged facts prerequisite to recovery by plaintiff. In the absence thereof, demurrers to the complaint would have been sustained. *Fields v. Board of Education,* 251 N.C. 699, 111 S.E. 2d 910 (1960). Hence, Rule 8(b) and 8(d) required defendant to file a responsive pleading.

Defendant answered the allegation quoted above as follows: "The allegations of Paragraph XV [or XVIII] of the Complaint as amended, are not admitted, to the extent that they apply to the incident in question."

Rule 8(b) in part provides: *"Defenses; form of denials.—A* party shall state in short and plain terms his defenses to each claim asserted and shall *admit* or *deny* the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. *Denials shall fairly meet the substance of the averments denied. When a*

*pleader intends in good faith to deny only a part of or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. . . . "*

Defendant's answer to the quoted allegation of each amended complaint falls far short of the unequivocal denial thereof required by Rules 8(b) and 9(c). In this connection see *Rumbough v. Improvement Co.*, 106 N.C. 461, 11 S.E. 528 (1890).

Rule 8(d) provides: *"Effect of failure to deny.*—Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage *are admitted when not denied* in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." (Our italics.)

Rule 9(c) provides: *"Conditions precedent.*—In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. *A denial of performance or occurrence shall be made specifically* and with particularity." (Our italics.)

Further consideration impels the conclusion that defendant's answer to plaintiffs' allegations in respect of waiver of governmental immunity was not sufficient to raise an issue of fact. We note that our Rules 8(b), 8(d) and 9(c) contain the same provision as Rules 8(b), 8(d) and 9(c) of the Federal Rules of Procedure. Decisions based on these federal rules are in accord with our present conclusion. *See* 2A Moore's Federal Practice, § 8.21, pp. 1819-1821; § 8.23, pp. 1825-1829; § 8.29, pp. 1875-1877; § 9.04, pp. 1943-1946. Also, see Federal Practice and Procedure, Civil, Wright and Miller (1969), § 1261 and § 1304.

Here we note that the procurement of liability insurance waives governmental immunity *"only to the extent* that said board of education is indemnified by insurance for such negligence or tort." (Our italics.) G.S. 115-53. The equivocal phraseology of the answer suggests that defendant was denying there had been a waiver to *an extent* sufficient to cover the amount of plaintiffs' asserted claims. We prefer to treat the answer as equivocal rather than as evasive.

G.S. 115-53 also contains the following: "No part of the pleadings which relate to or allege facts as to a defendant's

Clary v. Board of Education

insurance against liability shall be read or mentioned in the presence of the trial jury in any action brought pursuant to this section. Such liability shall not attach unless the plaintiff shall waive the right to have all issues of law or fact relating to insurance in such an action determined by a jury and *such issues shall be heard and determined by the judge without resort to a jury* and the jury shall be absent during any motions, arguments, testimony or announcement of findings of fact or conclusions of law with respect thereto unless the defendant shall request a jury trial thereon: . . . . "

[3] Although there is no allegation or admission *as to the amount* of liability insurance defendant had procured and therefore nothing to show the extent of defendant's waiver of governmental immunity, waiver of governmental immunity to *any extent* was sufficient to preclude the granting of motions for directed verdicts on the ground of governmental immunity. Incidentally, we note that the opinion of the Court of Appeals states parenthetically that defendant had waived the defense of sovereign immunity by purchasing a liability insurance policy. It does not appear whether this statement was based on the record or upon response to inquiry during the argument before the Court of Appeals. At the next trial in Superior Court, any questions of fact in respect of the procurement by defendant of liability insurance and the amount thereof and its applicability to these actions will be for determination by the trial judge.

If there were facts within the knowledge of defendant which negate waiver of liability in respect of plaintiffs' actions, it seems inconceivable such facts would not have been brought to the attention of Judge Winner, the Court of Appeals, or this Court. Nothing in the record or brief indicates defendant's counsel has ever contended that governmental immunity was a ground for allowance of its motions for directed verdicts. For these reasons it may not be determinative of the issue of liability on appeal.

[4] It is unfortunate that plaintiffs did not include in the record a succinct statement to the effect that evidence concerning the amount of medical and hospital bills was offered and admitted in evidence, and a succinct statement to the effect defendant had procured liability insurance *in some amount* and thereby had waived its governmental immunity. Be that as it may, the conclusion reached is that this Court should consider whether the

motions for directed verdicts should have been granted on either of the *two specified grounds* asserted therein.

The evidence pertinent to the issues of negligence and contributory negligence is summarized in 285 N.C. at 190-192, 203 S.E. 2d at 822-23. In respect of both of these issues, all the evidence is to be considered in the light most favorable to plaintiffs. *Kelly v. Harvester,* 278 N.C. 153, 179 S.E. 2d 396 (1971).

[5]   When considered in the light most favorable to plaintiffs, there was evidence tending to show the large glass window with which Roger collided was in close proximity to the end line of the basketball court; that candidates for the school team practiced under the general supervision and direction of the coaches provided by defendant; that, in practicing windsprints, a candidate would run at full speed and often his momentum would carry him beyond the end line and into one of the large glass windows; that these windows consisted of wire glass which breaks into jagged sections with sharp edges; that tempered glass is stronger and shatters into small particles when it breaks; that defendant used and continued to use wire glass although tempered glass had been and was available; and that Roger's injuries consisted of lacerations from the sharp edges of the broken sections of wire glass.

In our view, the evidence, when considered in the light most favorable to plaintiffs, was sufficient to permit, but not to compel a finding that negligence on the part of defendant was the proximate cause or one of the proximate causes of Roger's injuries.

Contributory negligence is an affirmative defense; therefore, the burden of proof on the contributory negligence issue rests on defendant. A directed verdict will not be entered on the ground of contributory negligence unless the evidence, taken in the light most favorable to plaintiff, so clearly establishes contributory negligence that no other reasonable inference or conclusion can be drawn therefrom. *Dennis v. Albemarle,* 242 N.C. 263, 267, 87 S.E. 2d 561, 565 (1955).

[6]   Basketball practice was a part of the school athletic program. There was evidence Roger had been running windsprints under similar circumstances during the three preceding years as well as during the early weeks of the 1968-1969 season; and that, on prior occasions, he and others, including the coaches,

Clary v. Board of Education

had collided with these glass windows. There was evidence that similar glass in the transoms had cracked when struck by a basketball, but no evidence the glass had broken into heavy sections with jagged edges. There was no evidence that the glass in the large window on each side of the double doors had been broken or cracked from contact by a basketball player doing a windsprint or from any other cause. There was no evidence Roger had knowledge or notice of the composition of the wire glass, or its relative strength, or any special hazard to a person who might collide with it with sufficient force to break it.

Conceding the evidence was sufficient to permit the jury to find that negligence on the part of Roger contributed to his injuries as a proximate cause thereof, we cannot say that this is the only reasonable inference or conclusion which can be drawn therefrom. Our conclusion is that the evidence before Judge Winner was sufficient to require the submission of the issues of negligence and of contributory negligence.

We note that our present decision is in substantial accord with *Stevens v. School District,* 270 N.Y.S. 2d 23, aff. 21 N.Y. 2d 780, 288 N.Y.S. 2d 475, 235 N.E. 2d 448 (1966).

[4] In view of the foregoing, we withdraw our decision filed 10 April 1974, reported in 285 N.C. 188, 203 S.E. 2d 820, and treat the case as before us for hearing *de novo* on the question whether the motions for directed verdicts and for dismissals should have been allowed on the grounds therein stated. Thus considered, the decision of the Court of Appeals affirming the judgments of Judge Winner is reversed. Accordingly, the case is remanded to the Court of Appeals with direction to remand to the Superior Court of Alexander County for trial *de novo.*

Reversed and remanded.

Justice LAKE dissents.

Justices COPELAND and EXUM did not participate in the hearing or decision of this case.