Columbus County Auto Auction v. Aycock Auction Co.

COLUMBUS COUNTY AUTO AUCTION, INC., PLAINTIFF; THOMPSON CADIL-
LAC-OLDSMOBILE, INC., INTERVENOR PLAINTIFF v. AYCOCK AUCTION
COMPANY, INC., D/B/A AYCOCK AUTO AUCTION, SILK HOPE AUTOMO-
TIVE, INC., CLINTON McLAURIN, D. WAYNE HOOD, D/B/A HOOD'S USED
CARS, R. E. DOWDY AND WILLIAM S. HIATT, AND THE NORTH
CAROLINA DIVISION OF MOTOR VEHICLES, DEFENDANTS, AND NORTH
CAROLINA DEPARTMENT OF TRANSPORTATION, THIRD PARTY DEFEND-
ANTS

No. 8710SC762

(Filed 7 June 1988)

1. Public Officers § 9; State § 4.1— negligence by Commissioner of Motor Vehi-
cles—immunity from liability
     The Commissioner of Motor Vehicles was immune from liability for mere
negligence in the issuance of certificates of title for stolen vehicles.

2. State § 4— negligence action against DMV—superior court without jurisdic-
tion
     The superior court had no jurisdiction of a crossclaim against the Division
of Motor Vehicles for negligence in the issuance of certificates of title for
stolen vehicles; rather, the Industrial Commission had exclusive jurisdiction of
such claim.

3. State § 4— third-party action against DOT—jurisdiction of superior court
     The superior court had jurisdiction of a defendant's third-party claim
against the Department of Transportation for indemnification based upon the
primary negligence of the Department of Transportation in issuing certificates
of title for stolen vehicles since the State may be joined as a third-party de-
fendant in a tort action for indemnification in the state courts under N.C.G.S.
§ 1A-1, Rule 14(c).

APPEAL by defendant Aycock Auction Company, Inc., d/b/a
Aycock Auto Auction from *Stephens, Donald W., Judge.* Order
entered 8 June 1987 in Superior Court, COLUMBUS County. Heard
in the Court of Appeals 6 January 1988.

*L. Austin Stevens for appellant Aycock Auction Co., Inc.,
d/b/a Aycock Auto Auction.*

*Attorney General Lacy H. Thornburg, by Special Deputy At-
torney General Jane P. Gray and Assistant Attorney General
Mabel Y. Bullock, for appellees William S. Hiatt, North Carolina
Division of Motor Vehicles and North Carolina Department of
Transportation.*

JOHNSON, Judge.

There is only one issue for this Court to decide: whether the trial court erred in dismissing appellant's crossclaim against William S. Hiatt, Commissioner of Motor Vehicles, and the North Carolina Division of Motor Vehicles (DMV), and its third-party complaint against the North Carolina Department of Transportation (DOT).

On 26 September 1986, the plaintiff, Columbus County Auto Auction, Inc. (Columbus), filed its original complaint against the following defendants: Aycock Auction Company, Inc., d/b/a Aycock Auto Auction (Aycock), Silk Hope Automotive, Inc. (Silk Hope), Clinton McLaurin, Howard McLaurin, Shelby McLaurin, D. Wayne Hood, d/b/a Hood's Used Cars (Hood), William S. Hiatt, Commissioner of the DMV, R. E. Dowdy, Inspector of the DMV, and lastly the DMV. Plaintiff sought to recover from the defendants $180,000.00 plus interest for eleven automobiles alleged to have been purchased by the plaintiff from Aycock during the year 1985. The vehicles originated from Silk Hope. The vehicles were sold by Silk Hope to Hood who sold the same through Aycock at various times during 1985. Plaintiff purchased the vehicles at the auction sales and the North Carolina certificates of title were signed by Hood to Columbus to Thompson Cadillac-Oldsmobile, Inc. (Thompson).

The vehicles were later examined by the DMV, declared to be stolen vehicles, and were seized by the DMV from Thompson. Thompson sued all parties except Aycock and recovered judgment against the plaintiff, Columbus. Thompson was allowed to intervene in this action since its judgment was unsatisfied.

It was alleged by plaintiff (Columbus), that Silk Hope purchased wrecked and salvaged vehicles from out-of-state and removed the vehicle identification plate from each vehicle and placed the same on a stolen vehicle of the same make and year model. Silk Hope then allegedly presented each vehicle to R. E. Dowdy, Inspector of the DMV, as a repaired vehicle, together with the out-of-state salvage title. R. E. Dowdy then authorized the issuance of a North Carolina certificate of title for each vehicle.

On 22 December 1986, Aycock filed an answer, crossclaim, and third-party complaint, alleging that ten vehicles were pur-

Columbus County Auto Auction v. Aycock Auction Co.

chased at its auction sales and that if it were determined that it was liable to plaintiff (Columbus) on any of the vehicles, that the DOT and the remaining defendants would become liable to Aycock, based upon warranty of titles and negligence in the issuance of North Carolina certificates of title for stolen vehicles.

On 16 January 1987, defendants William Hiatt and R. E. Dowdy filed a motion to dismiss the crossclaims of Aycock against them, and defendant DOT filed a motion to dismiss the third-party complaint of Aycock against it based upon lack of subject matter and personal jurisdiction and for failure to state a claim for which relief may be granted. Silk Hope filed an answer and Hood did not file an answer nor any other pleadings.

On 8 June 1987, an order was entered by Judge Donald W. Stephens, finding that the court lacked subject matter and personal jurisdiction over William Hiatt, the DMV and the DOT and granted their motions to dismiss the crossclaims and third-party complaint. In addition, the court dismissed Columbus' original complaints against defendants Hiatt and the DMV. As to defendant, R. E. Dowdy, the court denied his motions. From entry of the order granting defendants' motions to dismiss, appellant Aycock appeals.

Appellant contends that the trial court committed reversible error in dismissing its crossclaim and third-party complaint, because Rule 14(c) of the North Carolina Rules of Civil Procedure specifically authorizes such joinder, notwithstanding the provisions of the Tort Claims Act.

[1, 2] As to Commissioner Hiatt, we believe we are bound by *Thompson Cadillac-Oldsmobile, Inc. v. Silk Hope Automotive, Inc.,* 87 N.C. App. 467, 361 S.E. 2d 418 (1987), *disc. rev. denied,* 321 N.C. 480, 364 S.E. 2d 672 (1988), where this Court held that state officers, i.e., public officials, are immune from liability for mere negligence. The crossclaim in the case *sub judice* against Commissioner Hiatt alleged nothing more than mere negligence. There are no allegations of corrupt or malicious actions, actions outside the scope of defendant's duties, or gross negligence. *See Wiggins v. City of Monroe,* 73 N.C. App. 44, 326 S.E. 2d 39 (1985). Thus, as in *Thompson,* where this Court determined that defendant Hiatt, as Commissioner of the DMV, was a public official rather than an employee, the crossclaim has failed to state a claim for which

relief can be granted. We find the crossclaim subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. "The trial court's having erroneously stated in its order as a basis for dismissal Rules 12(b)(1) and 12(b)(2) worked no prejudice to the plaintiff." *Thompson*, at 472, 361 S.E. 2d at 421, *citing Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E. 2d 453, 454 (1981). As to the DMV, the crossclaim against it is in essence a direct action, and "an action in tort against the State and its departments, institutions, and agencies is within the exclusive and original jurisdiction of the Industrial Commission, [and] a tort action against the State is not within the jurisdiction of the Superior Court." *Guthrie v. North Carolina State Ports Authority*, 307 N.C. 522, 539-40, 299 S.E. 2d 618, 628 (1983). Thus, the orders of dismissal as to defendant Hiatt and as to defendant DMV are affirmed.

[3] We now address plaintiff's appeal of the trial court's order dismissing the action against defendant DOT.

Rule 14(c) of the North Carolina Rules of Civil Procedure specifically provides that "the State of North Carolina may be made a third party under subsection (a) or a *third-party defendant* under subsection (b) in any tort action" notwithstanding the provisions of the Tort Claims Act which provides that the claim must be filed before the Industrial Commission. Aycock's third-party complaint in the case *sub judice* was a claim for indemnification against the State as the primarily and actively negligent party.

Our Supreme Court in *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 332, 293 S.E. 2d 182, 187 (1982), determined the applicability of Rule 14(c) in a third-party action against the State when it stated:

> [t]he only controversy is whether the State courts are the proper forum for such actions. We recognize that actions for indemnification, as well as actions for contribution, are generally brought by means of a third-party complaint. Rule 14(c) does not limit the nature or character of third-party actions permissible against the State. We therefore hold that the State may be joined as a third-party defendant, whether in an action for contribution or in an action for *indemnification*, in the State courts.

*Accord, In re Huyck Corp. v. Mangum, Inc.,* 309 N.C. 788, 309 S.E. 2d 183 (1983).

We note that in other cases in which an agency of the State is sued in a direct tort action and not as a third-party defendant, our Courts have consistently held that the Industrial Commission is the proper forum for such claims and that the Superior Court is without jurisdiction to hear such claims. *See, Guthrie, supra.* However, the facts in the case *sub judice* are not of the same import, where here the State was the subject of an action as a third-party defendant for indemnification pursuant to Rule 14(c). Thus, we believe the trial court erred when it dismissed the third-party complaint against the DOT.

Therefore, based on the aforementioned reasons, we affirm the judgment of the trial court as to defendant Commissioner Hiatt and defendant DMV and reverse and remand the judgment of the trial court as to defendant DOT.

Affirmed in part, reversed in part and remanded.

Judges PHILLIPS and ORR concur.