CHARLES BRIAN GUNTER AND MARTINA ANDERSON, PLAINTIFFS/APPELLANTS
v. ANTHONY D. ANDERS, ALLEN EDWARDS, DAVID A. MARTIN, TERRI
MOSLEY, AND SURRY COUNTY BOARD OF EDUCATION, DEFENDANTS/
APPELLEES

No. 9317SC236

(Filed 15 March 1994)

1. **Pleadings § 367 (NCI4th) — failure to amend complaint in timely fashion — denial of motion to amend — no error**

   The trial court did not err in denying plaintiffs' motion to amend their complaint to allege that defendant board of education had purchased liability insurance since plaintiffs were put on notice both during the first filing of their complaint and the second filing of their complaint that defendant board had purchased liability insurance; plaintiffs had ample time to amend their complaint to allege the purchase of this insurance, nearly two and one-half years, but failed to do so until the motions hearing when defendants moved to dismiss the action based on plaintiffs' failure to so plead; and there was nothing in the record to show why plaintiffs were delayed in making this motion.

   **Am Jur 2d, Pleading §§ 310, 311, 314.**

2. **Schools § 172 (NCI4th) — injury on school property — failure to allege procurement of liability insurance by board of education — failure of complaint to state cause of action**

   In an action to recover for personal injuries which occurred on school property, plaintiffs' complaint failed to state a cause of action as to defendant board of education where plaintiffs failed to allege in their complaint that defendant board waived its immunity by the procurement of liability insurance to cover alleged negligence or tort.

   **Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 59, 60, 662-664.**

   **Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability. 68 ALR2d 1437.**

3. **Schools § 200 (NCI4th) — injury on school property — district superintendent as public officer — failure to plead specific allegations**

The trial court in a negligence action properly dismissed plaintiffs' complaint against defendant school district superintendent, since the superintendent was a public officer who could be held personally liable only if it was alleged and proved that his action or failure to act was corrupt or malicious or outside the scope of his duties, and plaintiffs failed to so plead.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 662-664.**

**Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

4. **Schools § 200 (NCI4th) — injury on school property — principal covered by governmental immunity — failure to plead specific allegations**

In an action to recover for personal injuries sustained by plaintiff when he was struck by an automobile on school property, the trial court properly dismissed plaintiffs' claims against defendant school principal, since, pursuant to *Beatty v. Charlotte-Mecklenburg Bd. of Education*, 99 N.C. App. 753, the principal was covered by governmental immunity, and since plaintiffs failed to plead that the principal's acts or failure to act were corrupt, malicious, in bad faith, or outside the scope of his authority.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 662-664.**

**Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

Appeal by plaintiffs from judgment entered 17 December 1992 by Judge James C. Davis in Surry County Superior Court. Heard in the Court of Appeals 9 December 1993.

*Lewis & Daggett, P. A., by Michael Lewis, and Edwards & Kirby, by John R. Edwards, for plaintiffs-appellants.*

*Petree Stockton, by Richard J. Keshian and Edwin W. Bowden, for defendants-appellees.*

JOHNSON, Judge.

Plaintiff Charles Brian Gunter (Gunter) was a student at North Surry High School when he was hit by an automobile driven by defendant Anthony Anders. Gunter was hit while he was crossing a driveway on the school campus. Gunter's injuries as a result of this accident included the amputation of his left arm.

Following is a synopsis of the events leading up to this accident: During the morning of 8 December 1988, Gunter was in a physical education class instructed by Terri Mosley (a defendant herein). As was their custom, Gunter and his classmates ran from the locker room, where they dressed, and headed toward the physical education field. This path took them across a driveway which divides the school campus. This driveway ran by a wall which prevented drivers and pedestrians from seeing each other. As Gunter and his classmates ran across this driveway, Gunter was struck by defendant Anders' car.

The school principal, Allen Edwards (a defendant herein), had ordered students to move their cars from a parking lot on the campus so that the parking lot could be paved. Neither Gunter nor Mosley were aware of this.

Two months before this accident occurred, another student had been struck by a car at the same location on the high school campus. No steps had been taken to prevent another accident from occurring after this first accident.

Plaintiffs initially filed a complaint on 18 April 1990 against defendants Anthony Anders, Billy Jean Anders and Surry County Board of Education (Board). Plaintiffs' complaint failed to allege that defendant Board had purchased liability insurance, thereby waiving governmental immunity. On 5 July 1990, plaintiff was put on notice that defendant Board had purchased liability insurance. Plaintiffs thereafter filed three motions to amend their complaint, adding allegations of negligence on the part of the Board, principal Edwards and superintendent David A. Martin. Plaintiffs also filed two separate motions to amend their complaint to include new party defendants. On 11 March 1991, plaintiffs voluntarily dismissed their complaint, pursuant to North Carolina General Statutes § 1A-1, Rule 41 (1990).

On 9 March 1992 plaintiffs filed a second complaint, asserting negligence, negligence per se, negligent infliction of emotional distress

and gross negligence against defendant Anthony Anders and defendants Edwards, Martin, Mosley and the Board (hereafter, school defendants); plaintiff mother alleged loss of services of her son. School defendants filed answers and cross-claims. Defendant Anders filed a motion for summary judgment; school defendants filed in their answer a motion to dismiss, pursuant to North Carolina General Statutes § 1A-1, Rule 12(b)(6) (1990). The motion to dismiss was based in part on plaintiffs' failure to allege that defendant Board had purchased liability insurance, thereby waiving governmental immunity. Plaintiffs once again were put on notice that defendant Board had purchased a policy of insurance, covering claims for compensatory damages arising out of any alleged negligence in the general aggregate limit of $1,000,000.

These motions came on for hearing on 14 December 1992 at which time plaintiffs moved to amend their complaint, pursuant to North Carolina General Statutes § 1A-1, Rule 15 (1990), to allege "that the defendants Edwards, Martin, Mosley and Surry County Board of Education had procured liability insurance to cover negligent or tortious conduct and that said defendants have thereby waived their immunity for tort liability to that extent." The trial court denied the motion to amend, denied defendant Anders' motion for summary judgment, and granted school defendants' motion to dismiss. The trial court certified the order for appeal pursuant to North Carolina General Statutes § 1A-1, Rule 54(b) (1990). Plaintiffs filed timely notice of appeal to this Court.

We initially note that this is an interlocutory appeal as the trial court's summary judgment order did not determine the entire controversy between the parties. *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). However, the trial judge certified the order for appeal pursuant to North Carolina General Statutes § 1A-1, Rule 54(b), "if there has been a final disposition as to one or more but fewer than all of the claims or parties in a case, the trial judge may certify that there is no just reason to delay appeal." *Taylor v. Brinkman*, 108 N.C. App. 767, 769, 425 S.E.2d 429, 431, *disc. review denied*, 333 N.C. 795, 431 S.E.2d 30 (1993). An interlocutory order may also be appealed under North Carolina General Statutes § 1-277 (1983) and North Carolina General Statues § 7A-27(d) (1989). "The most common reason for permitting immediate appeal of an interlocutory order under these statutes is the prejudice of a substantial right of the appellant if appeal is delayed." *Taylor*, 108 N.C.

GUNTER v. ANDERS

[114 N.C. App. 61 (1994)]

App. at 769, 425 S.E.2d at 431. "[T]he right to avoid the possibility of two trials *on the same issues* can be . . . a substantial right." *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982) (citation omitted) (emphasis retained). Therefore, this interlocutory appeal is properly before this Court.

[1] Plaintiffs first argue that the trial court erred in denying plaintiffs' motion to amend their complaint at the 14 December 1992 hearing on defendants' motions to dismiss, because "leave was not freely given as justice so required." We note that "[w]here the granting or denial of a motion to amend is within the discretion of the trial court, it will not be overturned absent an abuse of discretion. An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *Borg-Warner Acceptance Corp. v. Johnston*, 107 N.C. App. 174, 178, 419 S.E.2d 195, 197 (1992), *disc. review denied*, 333 N.C. 254, 424 S.E.2d 918 (1993).

The record indicates that plaintiffs were put on notice both during the first filing of their complaint and the second filing of their complaint that defendant Board had purchased liability insurance. Plaintiffs had ample time to amend their complaint to allege the purchase of this insurance, nearly two and a half years, and failed to do so until the motions hearing when defendants moved to dismiss the action based on plaintiffs' failure to so plead. Because there is nothing in the record to show why plaintiffs were delayed in making this motion, we find no abuse of discretion by the trial court in denying plaintiffs' motion to amend their complaint at the 14 December 1992 hearing on defendants' motions to dismiss.

[2] Plaintiff further contends that the trial court erred in dismissing the complaint as the complaint stated claims upon which relief could be granted. North Carolina General Statutes § 1A-1, Rule 12(b)(6). We first address this argument as to defendant Board.

"A county or city board of education is a governmental agency, and therefore may not be liable in a tort action except insofar as it has duly waived its immunity from tort liability pursuant to statutory authority." *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 22-23, 348 S.E.2d 524, 526 (1986). North Carolina General Statutes § 115C-42 (1991) states in pertinent part:

GUNTER v. ANDERS

[114 N.C. App. 61 (1994)]

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

> . . .

> The local board of education shall determine what liabilities and what officers, agents and employees shall be covered by any insurance purchased pursuant to this section.

"[I]n the absence of an allegation in the complaint in a tort action against a . . . board of education, to the effect that such board has waived its immunity by the procurement of liability insurance to cover such alleged negligence or tort, or that such board has waived its immunity as authorized in G.S. 115-53, such complaint does not state a cause of action." *Fields v. Board of Education*, 251 N.C. 699, 701, 111 S.E.2d 910, 912 (1960). (*See also Clary v. Board of Education*, 286 N.C. 525, 529, 212 S.E.2d 160, 163 (1975), where the Court noted that the plaintiff amended its complaint to allege that the defendant school board had procured liability insurance, thereby waiving its immunity for tort liability; the Court, citing *Fields*, said that "[t]his allegation alleged facts prerequisite to recovery by plaintiff. In the absence thereof, demurrers to the complaint would have been sustained.")

Because plaintiffs herein failed to allege in their complaint that defendant Board waived its immunity by the procurement of liability insurance to cover alleged negligence or tort, plaintiffs' complaint fails to state a cause of action as to defendant Board. We proceed to address plaintiffs' argument as to the remaining school defendants, Martin, Edwards and Mosley.

The general rule is that government officers and employees may be held personally liable for their torts; however,

> [w]hen a government worker is sued in his individual capacity, our courts have distinguished between whether the worker

GUNTER v. ANDERS

[114 N.C. App. 61 (1994)]

is an officer or an employee when assessing liability. Public officers are shielded from liability unless their actions are corrupt or malicious. . . . The basic distinctions between officer and employee center upon whether the worker's position was created by the constitution or laws of the state, and upon whether the position's duties are discretionary or merely ministerial. . . .

[P]ositions of public office are generally created by legislation and have fixed public duties and responsibilities prescribed by law. Officers typically must take an oath of office, and are usually vested with a measure of discretion.

*EEE-ZZZ Lay Drain Co. v. N.C. Dept. of Human Resources*, 108 N.C. App. 24, 28-29, 422 S.E.2d 338, 341-42 (1992) (citations omitted). "Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are 'absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts.' " *Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990), *quoting Jensen v. S.C. Dept. of Social Services*, 297 S.C. 323, 377 S.E.2d 102 (1988), *aff'd by* 304 S.C. 195, 403 S.E.2d 615 (1991). *See generally* Charles E. Daye and Mark W. Morris, *North Carolina Law of Torts* § 19.42.40 – 19.42.45 (1991).

[3] Therefore, we must determine whether Martin, the school district superintendent, and Edwards, the school principal, are public officers. North Carolina General Statutes § 115C-271 (1991) sets out the selection of school superintendents in North Carolina, and North Carolina General Statutes § 115C-272 (Cum. Supp. 1993) contains the requirement for the oath of office which superintendents must take before entering upon the duties of the office. Clearly, the superintendent of a school system must perform discretionary acts requiring personal deliberation, decision and judgment.

We note that plaintiffs failed to plead that defendant Martin's acts or failure to act were corrupt, malicious, in bad faith or outside the scope of his authority:

It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto. The rule

**GUNTER v. ANDERS**

[114 N.C. App. 61 (1994)]

in such cases is that an official may not be held liable *unless it be alleged and proved* that his act, or failure to act, was corrupt or malicious . . . or that he acted outside of and beyond the scope of his duties.

*Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952) (emphasis added) (citations omitted). Because plaintiffs failed to plead that defendant Martin's acts or failure to act were corrupt, malicious, in bad faith or outside the scope of his authority, plaintiffs' claim as to defendant Martin was properly dismissed. *See also Columbus County Auto Auction v. Aycock Auction Co.*, 90 N.C. App. 439, 368 S.E.2d 888 (1988).

[4]   We now examine the trial court's dismissal of plaintiffs' claims against Edwards, the school principal. In *Beatty v. Charlotte-Mecklenburg Bd. of Education*, 99 N.C. App. 753, 394 S.E.2d 242 (1990), our Court held that where the plaintiff student was struck by a car and the liability insurance policy which the school board had purchased did not apply, the defendants board of education and school principal were covered by governmental immunity. Therefore, following the holding from *Beatty*, and because plaintiffs failed to plead that defendant Edwards' acts or failure to act were corrupt, malicious, in bad faith or outside the scope of his authority, plaintiffs' claim as to defendant Edwards was properly dismissed.

Finally, we address the trial court's dismissal of plaintiffs' cause of action as to defendant Mosley, the teacher. We note that plaintiffs' complaint does not state how any act or omission on Mosley's part contributed to the accident in the instant case. In fact, as plaintiffs point out in their brief, Mosley was not even on notice that cars were being moved on campus at the time the accident occurred. We find the trial court properly dismissed plaintiffs' cause of action as to defendant Mosley.

The decision of the trial court is affirmed.

Judges MARTIN and McCRODDEN concur.