CHARLES BRIAN GUNTER AND MARTINA ANDERSON, PLAINTIFFS/APPELLANTS v. ANTHONY D. ANDERS, ALLEN EDWARDS, DAVID A. MARTIN, TERRI MOSLEY, AND SURRY COUNTY BOARD OF EDUCATION, DEFENDANTS/APPELLEES

No. 9317SC236

(Filed 21 June 1994)

1. **Pleadings § 367 (NCI4th)— governmental immunity—purchase of insurance—motion to amend complaint—denied—no abuse of discretion**

    There was no abuse of discretion in a negligence action which included a school principal and a board of education as defendants where defendants filed a motion to dismiss because plaintiffs failed to allege that the board had purchased liability insurance and waived governmental immunity. Plaintiffs knew of the board's purchase of insurance for nearly two and a half years and failed to amend their complaint to allege this until the motions hearing when defendants moved to dismiss the action based on plaintiffs' failure to so plead.

    **Am Jur 2d, Pleading §§ 306 et seq.**

2. **Schools § 172 (NCI4th)— negligence action against school board—failure to allege purchase of insurance—12(b)(6) dismissal**

    The trial court properly dismissed under N.C.G.S. § 1A-1, Rule 12(b)(6) a complaint which included a school principal and school board as defendants but failed to allege that the board had purchased liability insurance and waived governmental immunity where plaintiff contended that an affirmative allegation of the waiver of governmental immunity to the extent of liability cover-

age should no longer be required under the Rules of Civil Procedure.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 59, 60.**

Appeal by plaintiffs from judgment entered 17 December 1992 by Judge James C. Davis in Surry County Superior Court. Heard in the Court of Appeals 9 December 1993.

*Lewis & Daggett, P. A., by Michael Lewis; Edwards & Kirby, by John R. Edwards; and Young Moore Henderson & Alvis, P.A., by Walter E. Brock, Jr., for plaintiffs-appellants.*

*Petree Stockton, by Richard J. Keshian and Edwin W. Bowden, for defendants-appellees.*

JOHNSON, Judge.

After our decision was filed in *Gunter v. Anders*, 114 N.C. App. 61, 441 S.E.2d 167 (1994), plaintiffs timely petitioned for rehearing. We have granted this petition and will address the arguments presented by plaintiffs.

The pertinent facts underlying this appeal, as stated in our earlier decision, are as follows:

Plaintiff Charles Brian Gunter (Gunter) was a student at North Surry High School when he was hit by an automobile driven by defendant Anthony Anders. Gunter was hit while he was crossing a driveway on the school campus. Gunter's injuries as a result of this accident included the amputation of his left arm.

Following is a synopsis of the events leading up to this accident: During the morning of 8 December 1988, Gunter was in a physical education class instructed by Terri Mosley (a defendant herein). As was their custom, Gunter and his classmates ran from the locker room, where they dressed, and headed toward the physical education field. This path took them across a driveway which divides the school campus. This driveway ran by a wall which prevented drivers and pedestrians from seeing each other. As Gunter and his classmates ran across this driveway, Gunter was struck by defendant Anders' car.

The school principal, Allen Edwards (a defendant herein), had ordered students to move their cars from a parking lot on the

campus so that the parking lot could be paved. Neither Gunter nor Mosley were aware of this.

Two months before this accident occurred, another student had been struck by a car at the same location on the high school campus. No steps had been taken to prevent another accident from occurring after this first accident.

*Gunter v. Anders,* 114 N.C. App. at 63, 441 S.E.2d at 168-69.

On 9 March 1992 plaintiffs filed a complaint against defendant Anthony Anders and defendants Edwards, Martin, Mosley and the Surry County Board of Education (hereafter, collectively referred to as school defendants), asserting negligence, negligence per se, negligent infliction of emotional distress and gross negligence; plaintiff mother alleged loss of services of her son. School defendants filed answers and cross-claims. Defendant Anders filed a motion for summary judgment; school defendants filed in their answer a motion to dismiss, pursuant to North Carolina General Statutes § 1A-1, Rule 12(b)(6) (1990).

These motions came on for hearing on 14 December 1992 at which time school defendants moved that plaintiffs' complaint against the Surry County Board of Education (hereafter Board) be dismissed because plaintiffs failed to allege in their complaint that the Board had purchased liability insurance and waived its governmental immunity. Plaintiffs' attorney responded as follows:

. . . IT IS CORRECT THAT IN ITS CURRENT STATUS, THE COMPLAINT DOES NOT CONTAIN AN ALLEGATION THAT THEY HAVE WAIVED THEIR IMMUNITY; AND TO THAT END, WE WOULD, AT THIS TIME, YOUR HONOR, MAKE A MOTION PURSUANT TO RULE 15 AS TO THE DEFENDANTS EDWARDS, MARTIN, MOSLEY AND THE SURRY COUNTY BOARD OF EDUCATION—THAT MOTION BEING PURSUANT TO RULE 15—TO AMEND THE COMPLAINT TO ALLEGE THAT EACH OF THOSE DEFENDANTS HAS PROCURED LIABILITY INSURANCE TO COVER NEGLIGENT OR OTHER COURSES OF CONDUCT AND THAT SAID DEFENDANTS HAVE THEREBY WAIVED THEIR IMMUNITY FOR TORT LIABILITY TO THE EXTENT OF SUCH INSURANCE COVERAGE. WE, IN MAKING THAT MOTION, YOUR HONOR, WOULD POINT OUT SEVERAL THINGS. FIRST OF ALL, WHEN THIS CASE WAS FILED IN 1990, WE DID NOT ALLEGE THAT THEY HAD INSURANCE BECAUSE WE WERE NOT AWARE OF IT; BUT IN THE DISCOVERY IN THE 1990 CASE, WHICH IS PART OF THE RECORD HERE, THE DEFENDANTS DID FILE ANSWERS TO INTERROGATORIES IN WHICH THEY, UNDER OATH, REPRESENTED THAT THEY DID HAVE LIABILITY INSUR-

GUNTER v. ANDERS

[115 N.C. App. 331 (1994)]

ANCE POLICIES AS TO THE SCHOOL BOARD. AND IN THIS 1992 CASE, AGAIN, IN INTERROGATORIES WHICH WERE ANSWERED ON OCTOBER 30TH OF THIS YEAR, THE INDIVIDUAL DEFENDANTS REPRESENTED TO US THAT THEY HAD LIABILITY INSURANCE COVERAGE.

The trial court denied the motion to amend, denied defendant Anders' motion for summary judgment, and granted school defendants' motion to dismiss. The trial court certified the order for appeal pursuant to North Carolina General Statutes § 1A-1, Rule 54(b) (1990). Plaintiffs filed timely notice of appeal to this Court.

[1] Plaintiffs argue on rehearing that the trial court erred in denying plaintiffs' motion to amend their complaint at the 14 December 1992 hearing on defendants' motions to dismiss, because delay alone is not sufficient to justify denial of a motion to amend; the burden is on the party opposing a proposed amendment to show prejudice; and because a misapprehension of the law by the trial judge in exercising his discretion is reversible error. Plaintiffs also assert that plaintiffs' motion to amend was made to cure a "technical defect," and that no prejudice would have resulted to defendant by allowing the "technical" amendment.

We do not agree. Plaintiffs knew of the Board's purchase of insurance for nearly two and a half years, and failed to amend their complaint to allege this until the motions hearing when defendants moved to dismiss the action based on plaintiffs' failure to so plead. "Where the granting or denial of a motion to amend is within the discretion of the trial court, it will not be overturned absent an abuse of discretion. An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." Borg-Warner Acceptance Corp. v. Johnston, 107 N.C. App. 174, 178, 419 S.E.2d 195, 197 (1992), disc. review denied, 333 N.C. 254, 424 S.E.2d 918 (1993). We find no abuse of discretion by the trial court in denying plaintiffs' motion to amend their complaint at the 14 December 1992 hearing on defendants' motions to dismiss.

[2] Plaintiff further contends on rehearing that the trial court erred in dismissing the complaint as the complaint stated claims upon which relief could be granted as to the Board. North Carolina General Statutes § 1A-1, Rule 12(b)(6).

"A county or city board of education is a governmental agency, and therefore may not be liable in a tort action except insofar as it has duly waived its immunity from tort liability pursuant to statutory

authority." *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 22-23, 348 S.E.2d 524, 526 (1986). North Carolina General Statutes § 115C-42 (1991) states in pertinent part:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

Plaintiffs assert that

> [a]n affirmative allegation in a complaint of the waiver of governmental immunity to the extent of liability insurance coverage should no longer be required under the North Carolina Rules of Civil Procedure. Rule 9 contains requirements for pleading special matters, but does not list the waiver of immunity as a required pleading. G.S. 1A-1, Rule 9. The applicable waiver statute does not require the affirmative pleading of waiver of immunity. G.S. 115C-42. The authority for requiring such a pleading, and relied upon by the defendants and this Court, was a decision made before the enactment of the North Carolina Rules of Civil Procedure (Fields v. Board of Education, 251 N.C. 699, 111 S.E.2d 910 (1960)), and not long after the statute was enacted authorizing the waiver of governmental immunity. In Fields, the issue appears to have been whether the Board of Education had insurance, not whether plaintiff had properly pled the existence of insurance and the resulting waiver. Here, the Record is uncontradicted that the insurance coverage was present, thereby automatically invoking the following statutory waiver: "[I]t shall be no defense to any such action that the negligence or tort complained of was in pursuance of governmental, municipal, or discretionary function of a local board of education if, and to the extent, such local board of education has insurance coverage. . . . " (Emphasis retained.)

Plaintiffs further argue that "[a]nother principle of our modern North Carolina Rules of Civil Procedure is that pleadings are deemed

amended by unpleaded, uncontested matters of Record known by the parties." Finally, plaintiffs state that "[i]t has long been recognized in North Carolina that the defense of governmental immunity is an affirmative defense that must be specially pleaded. (Citation omitted.) This requirement has been carried forward under the North Carolina Rules of Civil Procedure where they require the pleadings of 'any . . . matter constituting an avoidance or affirmative defense.' "

We disagree with plaintiffs' contention that the issue in *Fields v. Board of Education*, 251 N.C. 699, 111 S.E.2d 910 was whether the Board of Education had insurance, not whether plaintiff had properly pled the existence of insurance and the resulting waiver. *Fields* clearly held "[i]n the absence of an allegation in the complaint in a tort action against a city board of education, to the effect that such board has waived its immunity by the procurement of liability insurance to cover such alleged negligence or tort, or that such board has waived its immunity as authorized in G.S. 115-53, such complaint does not state a cause of action." *Id.* at 701, 111 S.E.2d at 912. The effect in *Fields* was that the defendant's demurrer to the complaint was sustained because there was no such allegation in the plaintiff's complaint.

Plaintiffs argue that requirements for pleading special matters are now addressed in the N.C.R. Civ. P., enacted after Fields (the N.C.R. Civ. P. took effect on 1 January 1970. North Carolina General Statutes § 1A-1 (1990)). However, as cited in our earlier opinion, in *Clary v. Board of Education*, 286 N.C. 525, 529, 212 S.E.2d 160, 163 (1975), our Supreme Court noted that the plaintiff amended its complaint to allege that the defendant school board had procured liability insurance, thereby waiving its immunity for tort liability; the Court cited *Fields* and said "[t]his allegation alleged facts prerequisite to recovery by plaintiff. In the absence thereof, demurrers to the complaint would have been sustained." This case was decided *after* the N.C.R. Civ. P. were adopted. (*See also Presnell v. Pell*, 298 N.C. 715, 260 S.E.2d 611 (1979), where our Supreme Court held the defendant school board could not be joined as a party defendant on a defamation claim. The Court said:

> Unless and until a school administrative unit has waived its immunity by procuring an applicable policy of liability insurance, it may not be held responsible under respondeat superior for the intentional torts of its employees. [Citations omitted.] *There being no allegations in the complaint of such a waiver via*

*insurance procurement, the complaint fails to state a claim for defamation against the school board.*

*Id.* at 721, 260 S.E.2d at 614-15 (emphasis added).

Finally, we address plaintiffs' argument that "[t]he Record is uncontradicted that the insurance coverage was present, thereby invoking the following statutory waiver: '[I]t shall be <u>no defense</u> to any such action that the negligence or tort complained of was in pursuance of governmental, municipal, or discretionary function of a local board of education if, and to the extent, such local board of education has insurance coverage.' " (Emphasis retained.) North Carolina General Statutes § 115C-42. This language is simply not applicable in the instant case. We note that this language was also in the statute when *Fields* was decided in 1960; indeed, this entire section is substantially the same as it was in 1960.

Based on *Fields v. Board of Education, Clary v. Board of Education,* and *Presnell v. Pell,* we find the trial court properly dismissed the complaint herein as to the Board pursuant to North Carolina General Statutes § 1A-1, Rule 12(b)(6).

The decision of the trial court is affirmed.

Judges MARTIN and McCRODDEN concur.