BORG-WARNER ACCEPTANCE CORPORATION, PLAINTIFF v. HUGH W. JOHNSTON AND WIFE, AUDREY S. JOHNSTON, DEFENDANTS

No. 9126SC511

(Filed 4 August 1992)

1. **Rules of Civil Procedure § 15.1 (NCI3d)— motion to amend answer—denied—not abuse of discretion**

The trial court did not abuse its discretion by denying defendants' motion to amend their answer to allege bad faith by plaintiff where defendants had no right to amend their answer as a matter of course nor did they have the consent of plaintiff; granting defendants' motion was within the discretion of the court; and the court noted that the complaint was filed on 16 January 1987, the motion for summary judgment was filed on 21 December 1988, partial summary judgment was entered on 13 April 1989, the Court of Appeals affirmed the partial summary judgment on 20 March 1990, and the

motion to amend the answer was made on the first day of trial, 30 July 1990. N.C.G.S. § 1A-1, Rule 15(a).

**Am Jur 2d, Pleading §§ 306-317.**

**Timeliness of amendment to pleadings made by leave of court under Federal Rule of Civil Procedure 15(a). 4 ALR Fed 123.**

2. **Trial § 5 (NCI3d) — action on guaranty — defendants not denied fair trial**

    The trial court did not deny defendants a fair trial on an action arising from the sale of property under a lease guaranty due to an exhibit being taken into the jury room, a request for rule numbers to support defendants' objections, the quashing of two subpoenas, the exclusion of certain evidence relating to the value of real estate and property tax assessments, and the exclusion of evidence from the voir dire examination of a witness. Defendants' complaints· about the exhibit and the rule numbers are not supported by the record; defendants' complaint about the subpoenas is so nebulous as to be meaningless on appeal; the exclusion of certain offers of proof was not improper as the evidence included values for the real property and property taxes and was only indirectly related to the value of the personal property; and the excluded evidence from a witness was irrelevant, confusing and misleading. N.C.G.S. § 8C-1, Rule 403.

    **Am Jur 2d, Trial §§ 192, 193.**

3. **Trial § 47 (NCI3d) — judgment n.o.v. — denied — no error**

    There was no error in the denial of a motion for a judgment n.o.v. in an action arising from the sale of property under a lease guaranty where the trial was limited to the fair market value of the property and damages, and the alleged bad faith, fraud and deceit of plaintiff was not an issue for trial, was not alleged by defendants until they attempted to amend their answer, and the trial court correctly denied the motion to amend.

    **Am Jur 2d, Judgments §§ 106-108.**

**4. Guaranty § 20 (NCI4th)— sale of property—damages— agreement as lease rather than security agreement**

The trial court did not err in an action arising from the sale of property under a lease guaranty by allowing the jury to compute damages based on the theory that the agreements were leases instead of security agreements. Contrary to defendants' assertion, N.C.G.S. § 25-9-203(4) does not make an article 9 transaction subject to N.C.G.S. § 24-1.1. Moreover, defendants are liable for the full amount of the lease payments upon default under the express terms of the guaranty.

**Am Jur 2d, Guaranty §§ 70, 71, 115-124.**

**5. Appeal and Error § 147 (NCI4th)— instructions—objection— not sufficient to preserve issue**

Defendants' contention that the trial court erred in failing to give instructions as requested and failing to submit certain issues was not before the appellate court where defendants' objection to the trial court failed to state distinctly that to which they objected and the grounds for the objection. N.C.R. App. Pro. 10(b)(2).

**Am Jur 2d, Appeal and Error § 553.**

**Sufficiency in federal court of motion in limine to preserve for appeal objection to evidence absent contemporaneous objection at trial. 76 ALR Fed 619.**

**6. Judges, Justices, and Magistrates § 2 (NCI4th)— post-judgment motions—not heard by trial judge—no error**

There was no error where defendants' post-trial motions were heard by a judge other than the trial judge. There is no requirement or implication in N.C.G.S. § 1A-1, Rule 63 that the judge who heard the case must have become incapacitated before a different judge can rule on post-trial motions.

**Am Jur 2d, Judges § 26.**

**Power of successor or substituted judge, in civil case, to render decision or enter judgment on testimony heard by predecessor. 22 ALR3d 922.**

BORG-WARNER ACCEPTANCE CORP. v. JOHNSTON

[107 N.C. App. 174 (1992)]

7. **Evidence and Witnesses § 2598 (NCI4th)— post-trial motion— affidavit of juror—properly struck**

An affidavit of a juror stating that a verdict included interest was properly struck under N.C.G.S. § 8C-1, Rule 606(b).

**Am Jur 2d, Witnesses § 280.**

**Competency of juror as witness, under Rule 606(b) of Federal Rules of Evidence, upon inquiry into validity of verdict or indictment. 65 ALR Fed 835.**

8. **Appeal and Error § 156 (NCI4th)— introduction of exhibit—no objection at trial—objection waived**

Defendants waived any objection to the introduction as an exhibit of an accounting statement showing delinquency charges by not objecting to the testimony which the statement illustrated. N.C.R. App. Pro. 10(b)(1).

**Am Jur 2d, Appeal and Error § 562.**

9. **Guaranty § 20 (NCI4th)— guaranty of lease—sale of property— instruction on damages**

There was no error in an action arising from the sale of property under a guaranty of a lease agreement by allowing the jury to consider evidence of interest without requiring them to separate the interest from the principal in their verdict where the jury was instructed that they should consider the amount of money, if any, due plaintiff under the lease at the time of the default and that they should deduct from that the fair market value of the personal property and the amount, if any, by which plaintiff could have mitigated its damages.

**Am Jur 2d, Guaranty §§ 115-124.**

APPEAL by defendants from jury verdict entered 3 August 1990 by *Judge Robert M. Burroughs* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 17 March 1992.

*DeLaney and Sellers, P.A., by Timothy G. Sellers and Charles E. Lyons, for plaintiff-appellee.*

*Hugh W. Johnston, for defendants-appellants and Smith Debnam Hibbert & Pahl, by Jack P. Gulley, for defendant-appellant Audrey S. Johnston.*

JOHNSON, Judge.

This case is before us now for the second time. The facts are set out in the previous opinion, *Borg-Warner Acceptance Corp. v. Johnston*, 97 N.C. App. 575, 389 S.E.2d 429 (1990), and will be repeated here only as necessary to understand the arguments.

Briefly, defendants (guarantors) unconditionally guaranteed two equipment lease agreements made in 1983 between Borg-Warner Acceptance Corporation (Borg-Warner) (lessor) and The Raleigh Inn, Inc. (formerly the Royal Villa, Inc.) (lessee). The Raleigh Inn defaulted on the lease payments in 1986. Borg-Warner foreclosed on the real property securing the leases, sold it to P.S. Investment Company, Inc., and sued the defendants to recover on their guaranty of the lease payments. Borg-Warner sold the personal property, which was the subject matter of the equipment lease agreements, to P.S. Investment Co. for $10.00.

Prior to trial, plaintiff filed a motion for summary judgment. The trial court granted plaintiff's motion, finding that defendants were liable on the guaranty and leaving two issues for trial: (1) the fair market value of the personal property sold to P.S. Investment Company and (2) the amount of money damages, if any, to which plaintiff was entitled as a result of defendants' breach of the guaranty agreement. Defendants appealed from the summary judgment and this Court affirmed. *Borg-Warner*, 97 N.C. App. 575, 389 S.E.2d 429. Following trial, the jury returned a verdict for plaintiff in the amount of $585,137.45. Defendants appeal from the jury verdict.

[1] Defendants bring forth thirteen assignments of error. Defendants first contend that the trial court erred in denying their motion to amend their answer so as to allege bad faith on the part of the plaintiff. We disagree.

In situations where a party has no right to amend because of the time limitation in Rule 15(a), an amendment may yet be made by leave of court or by written consent of the adverse party. N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990). Where the granting or denial of a motion to amend is within the discretion of the trial court, it will not be overturned absent an abuse of discretion. An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985).

**BORG-WARNER ACCEPTANCE CORP. v. JOHNSTON**

[107 N.C. App. 174 (1992)]

In this case, defendants had no right to amend their answer as a matter of course nor did they have the consent of the plaintiff. The granting of defendants' motion was within the discretion of the trial court. The court denied the motion as being untimely after noting that the complaint was filed 16 January 1987, the motion for summary judgment was filed 21 December 1988, partial summary judgment was entered 13 April 1989, the Court of Appeals decision affirming the partial summary judgment was entered 20 March 1990 and the motion to amend the answer was made on the first day of trial, 30 July 1990. We find no abuse of discretion under these facts.

[2] Defendants next contend that the trial court conducted the trial so as to deny them a fair and impartial trial. Defendants complain that the trial court permitted plaintiff a very wide latitude but that the court consistently ruled against them. Defendant complains of an exhibit being taken into the jury room, the trial court's request for rule numbers to support defendants' objections, the court's quashing of two subpoenas, the exclusion of certain evidence relating to the value of real estate and property tax assessments, and the exclusion of evidence from the *voir dire* examination of witness Mattocks. We find this assignment to be without merit.

Defendants' complaints about the exhibit and the rule numbers are not supported by the record. Defendants' complaint about the subpoenas is so nebulous as to be meaningless on appeal. The trial court's exclusion of certain offers of proof was not improper as this evidence included values for the real property and property taxes and was only indirectly related to the value of the personal property. Its admission would have been confusing and misleading to the jury. We find it was properly excluded under Evidence Rule 403. N.C. Gen. Stat. § 1A-1, Rule 403. Witness Mattock's evidence was also properly excluded under Rule 403. The issue at trial was the fair market value of the personal property and damages due plaintiff from defendants' breach of the guaranty agreement. Mattock's testimony was not relevant on these issues and would tend to confuse and mislead the jury. This assignment of error is overruled.

[3] Defendants next allege that the trial court erred in denying their motion for a directed verdict and for judgment notwithstanding the verdict. Defendants allege that the evidence clearly estab-

lished that plaintiff acted in bad faith, fraudulently and deceitfully. We disagree.

We need not discuss the standard of review of a denial of a motion for directed verdict or JNOV. The trial of this case was limited to two issues — the fair market value of the personal property and damages. The alleged bad faith, fraud and deceit of the plaintiff was not an issue for trial and was not even alleged by defendants until they attempted to amend their answer. The trial court denied defendants' motion to amend and we have affirmed that above. This assignment of error is overruled.

[4] Defendants next allege that the trial court erred in not adhering to the law of the case and allowing the jury to compute damages based on the theory that the agreements between Borg-Warner and Raleigh Inn were leases instead of security agreements. Defendants contend that the law of the case was established in the first appeal when this Court held that "the parties did intend for the leases to act as security. Accordingly, Article 9 applies to these agreements." *Borg-Warner*, 97 N.C. App. at 581, 389 S.E.2d at 433. Thus, defendants contend, since the agreements were "security agreements," N.C. Gen. Stat. § 24-1.1 (1991) applies. This statute, they allege, prohibits Borg-Warner from charging interest on funds not disbursed and in accelerating the balance of the loan due. We disagree.

First, we note that defendants misread N.C. Gen. Stat. § 25-9-203(4) (1991 Cum. Supp.). This section states in pertinent part:

> A transaction, although subject to this article [9], is also subject to . . . G.S. 24-1 and 24-2, . . . and in the case of conflict between the provisions of this article and any such statute, the provisions of such statute control.

Thus, contrary to defendants' assertion, this statute does not make an article 9 transaction subject to N.C. Gen. Stat. § 24-1.1.

Secondly, we find that the defendants are liable for the full amount of the lease payments upon default under the express terms of the guaranty which states:

> . . . Guarantor does hereby unconditionally guarantee to Lessor . . . (a) the full and prompt payment when due, whether by acceleration or otherwise, with such interest as may accrue thereon . . . of [the Equipment Leases] made by Lessee payable

to the order of Lessor . . ., (b) the full and prompt payment and performance of any and all obligations of Lessee to Lessor under the terms of [the Deed of Trust], (c) the full and prompt payment and performance of any and all other obligations of Lessee to Lessor under any other documents or instruments now or hereafter evidencing, securing or otherwise relating to the indebtedness evidenced by the Lease[.] Guarantor does hereby agree that if the Lease is not paid by Lessee in accordance with its terms, or if any and all sums which are now or may hereafter become due from Lessee to Lessor under the Lease Documents are not paid by Lessee in accordance with their terms, Guarantor will immediately make such payments.

This assignment is overruled.

[5] Defendants next contend that the trial court erred in failing to give instructions as requested and failing to submit issues which reflected the application of article 9. We disagree.

Defendants timely submitted proposed jury instructions to the trial court. These proposed instructions covered: A. issues, B. burden of proof, C. issue of amount owed, D. damages, E. mitigation, F. personal property valuation, H. [sic] expert witnesses. Before the jury was charged, plaintiff requested an instruction concerning blank instruments. Defendants objected on the grounds that the evidence was conflicting about the transaction. Following the jury charge, the trial court inquired of both parties whether they had any objections to the instructions. Defendants replied that they objected "only to the extent that the instructions requested yesterday were not given."

Under our Rules of Appellate Procedure,

[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection[.]

N.C.R. App. Pro. 10(b)(2). The purpose of this rule is to encourage the parties to inform the court of errors in the instructions so that corrections can be made before the jury begins its deliberations, thereby eliminating the necessity of a new trial. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983); *State v. Freeman*, 295 N.C. 210, 244 S.E.2d 680 (1978).

We find that defendants' objection does not comply with the requirements of Rule 10(b)(2) so as to preserve this issue on appeal. Their objection to the trial court utterly failed to state distinctly that to which they objected and the grounds for the objection. Thus, this issue is not before us on appeal. N.C.R. App. Pro. 10(a) and 10(b)(2).

[6] Defendants next contend that the trial court erred in having their post-judgment motions ruled upon by another judge.

The trial judge in this case was Judge Robert Burroughs. Following the jury verdict and the filing of the judgment, defendants filed four post-trial motions. These motions were heard by another superior court judge and were denied. Defendants contend that the order denying their post-trial motions is a nullity because under Rule 63, the trial judge must hear the post-trial motions unless he is under a disability. N.C. Gen. Stat. § 1A-1, Rule 63 (1990). We disagree.

We find nothing in Rule 63 which prohibits a judge who did not hear the case from ruling on post-trial motions which of necessity are made after a verdict has been reached and a judgment has been entered. Rule 63 anticipates a situation where a trial judge performs his role to the point that a verdict is returned or findings of fact and conclusions of law are filed but then is unable to perform the ministerial functions which follow. *See* N.C. Gen. Stat. § 1A-1, Rule 63, Commentary; *In re Whisnant*, 71 N.C. App. 439, 322 S.E.2d 434 (1984) (the function of a substitute judge is ministerial rather than judicial). As explained in *Girard Trust Bank v. Easton*, 12 N.C. App. 153, 182 S.E.2d 645, *cert. denied*, 279 N.C. 393, 183 S.E.2d 245 (1971):

> Rule 63 does not contemplate that a substitute judge, who did not hear the witnesses and participate in the trial, may nevertheless participate in the decision making process. It contemplates only that he may perform such acts as are necessary under our rules of procedure to effectuate a decision already made.

*Id.* at 155, 182 S.E.2d at 646. Rule 63 neither requires nor implies that before a different judge can rule on post-trial motions, the judge who heard the case must have become incapacitated. This assignment of error is overruled.

BORG-WARNER ACCEPTANCE CORP. v. JOHNSTON

[107 N.C. App. 174 (1992)]

**[7]** Defendants next assign error to the court's striking of an affidavit of a juror stating that the verdict included interest. This affidavit was attached to defendants' motion for a new trial and amendment of judgment and was stricken on plaintiff's motion. We find no error. This affidavit was properly struck under N.C. Gen. Stat. § 8C-1, Rule 606(b) (1988). *State v. Rosier*, 322 N.C. 826, 370 S.E.2d 359 (1988).

**[8]** By their tenth Assignment of Error defendants contend that the trial court erred in admitting plaintiff's exhibit #6 into evidence. Plaintiff's exhibit #6 is an account summary showing the scheduled lease payments, taxes paid, actual payments made up to the time of default, arrearages, various credits to Royal Villa, and delinquency charges and includes the relevant dates when payments were made or from which delinquency charges were calculated. The exhibit was tendered at the beginning of Mattock's testimony and was used to illustrate plaintiff's contention as to the amount due on the guaranty. On appeal, defendants contend that the admission of evidence of the 18% delinquency charge was extremely prejudicial to their case, warranting a new trial. We disagree.

Plaintiff's exhibit #6 was admitted without objection by defendants. Witness Mattock used it to illustrate the financial transactions which occurred under the lease agreements from the beginning of the lease period up to the day of trial. Defendants did not object to the exhibit or to any testimony of witness Mattock regarding the calculations and sums included in the exhibit. They did not object to witness Mattock's testimony regarding the 18% delinquency charges, their computation or their application under the facts of the case. Defendants have therefore waived any objection to the introduction of this exhibit. N.C.R. App. Pro. 10(b)(1). This assignment of error is overruled.

**[9]** Defendants further contend that it was error for the trial court to allow the jury to consider evidence of interest without requiring them to separate the interest from the principal in their verdict. We disagree.

The jury was instructed that they should determine the amount of money, if any, that was due Borg-Warner under the leases with Royal Villa at the time of default on 30 November 1986 and that they should deduct from that amount (a) the fair market value of the personal property as of 26 or 27 January 1988, and (b) the amount, if any, that Borg-Warner could have mitigated its

damages. The jury was thus not instructed, either explicitly or implicitly, to compute interest. This contention has no merit.

Defendants have argued four other assignments of error but have cited no authority in their arguments. These assignments are deemed abandoned. N.C.R. App. Pro. 28(b)(5).

Affirmed.

Judges COZORT and GREENE concur.